IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02198-GPG

JOSEPH ANTHONY FUTRELL,

   Applicant,

v.

RICK RAEMISCH, Executive Director for Colorado, Colorado Department of
   Corrections, and
CYNTHIA COFFMAN, Attorney General for Colorado,

   Respondents.

---

ORDER OF DISMISSAL

---

Applicant Joseph Anthony Futrell is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Crowley County

Correctional Facility in Olney Springs, Colorado.   Applicant initiated this action by filing

*pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a

Habeas Corpus Action.   Upon review of the Application and the § 1915 Motion, the Court

determined that Applicant had sufficient funds in his inmate account to pay the filing fee

and, therefore, denied Applicant's request to proceed pursuant to 28 U.S.C.

§ 1915.   Applicant paid the filing fee on November 2, 2015.

Applicant also submitted a Letter on November 2, 2015, that indicated he intended to assert additional claims.   Magistrate Judge Gordon P. Gallagher instructed Applicant that if he desired to assert additional claims he must file an amended application that includes all the claims he desires to assert in this action.   On December 2, 2015, Applicant filed a Second Amended Application, which now is the operative pleading.

Applicant complains that Respondents are violating his liberty interest rights because his release on parole is conditioned on his being compliant in the Sex Offender Treatment and Monitoring Program (SOTMP).   Applicant has completed phase one of the SOTMP, but was expelled from phase two on July 10, 2008, which remains the recommended treatment.   Sec. Am. Application, ECF no. 9 at 12.   Applicant further asserts that he is being denied placement in the SOTMP due to the lack of bed space at the facility where the program is offered.   As relief, Applicant asks that the Court order his release to allow him to receive treatment while under the supervision of a community parole officer.

The Court must construe Applicant's filings liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons stated below, the Application will be denied and the action dismissed.

Judicial review of the execution of a sentence is governed by § 2241. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).   A § 2241 action must be brought by an applicant who is in custody in violation of the Constitution or laws of the United States.   "[T]he traditional function of the writ is to secure release from illegal

2

custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   Applicant's claim that he is

being denied an opportunity for parole because he is not being allowed to participate in

sex offender treatment, however, is not cognizable under § 2241 for the following

reasons.

"[A] federal liberty interest in parole only arises when a prisoner has a legitimate

claim of entitlement to it," and "the mere existence of a purely discretionary parole

authority creates no entitlement and, therefore, no concomitant federal due process

interest."   *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009).   "There

is no right under the Federal Constitution to be conditionally released before the

expiration of a valid sentence, and the States are under no duty to offer parole to their

prisoners."   *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam) (citation

omitted); *see also Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442

U.S. 1, 7 (1979) (An applicant has no inherent constitutional right to be conditionally

released before the expiration of a valid sentence).

The Colorado Parole Board has unlimited discretion to grant or deny parole for

defendants serving sentences for crimes committed on or after July 1, 1985.   *See Thiret

v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990); Colo. Rev. Stat. § 17-22.5-303(6).

As may be applicable to this case, the Colorado Parole Board has the following

powers and duties:

> To meet as often as necessary every month to consider all
> applications for parole.   The board may parole any person who is
> sentenced or committed to a correctional facility when such person has
> served his or her minimum sentence, less time allowed for good behavior,
> and there is a strong and reasonable probability that the person will not
> thereafter violate the law and that release of such person from institutional
> custody is compatible with the welfare of society.   If the board refuses an

application for parole, the board shall reconsider the granting of parole to such person within one year thereafter, or earlier if the board so chooses, and shall continue to reconsider the granting of parole each year thereafter until such person is granted parole or until such person is discharged pursuant to law; except that, if the person applying for parole was convicted of any class 3 sexual offense described in part 4 of article 3 of title 18, C.R.S., a habitual criminal offense as defined in section 18-1.3-801(2.5), C.R.S., or of any offense subject to the requirements of section 18-1.3-904, C.R.S., the board need only reconsider granting parole to such person once every three years, until the board grants such person parole or until such person is discharged pursuant to law, or if the person applying for parole was convicted of a class 1 or class 2 felony that constitutes a crime of violence, as defined in section 18-1.3-406, C.R.S., the board need only reconsider granting parole to such person
once every five years, until the board grants such person parole or until such person is discharged pursuant to law.

Colo. Rev. Stat. § 17-2-201(4)(a).

The Colorado parole board also is directed in part, as applicable to this case, that

[o]n completion of the minimum period of incarceration specified in a sex offender's indeterminate sentence, less any earned time credited to the sex offender pursuant to section 17-22.5-405, C.R.S., the parole board shall schedule a hearing to determine whether the sex offender may be released on parole.   In determining whether to release the sex offender on parole, the parole board shall determine whether the sex offender has successfully progressed in treatment and would not pose an undue threat to the community if released under appropriate treatment and monitoring requirements and whether there is a strong and reasonable probability that the person will not thereafter violate the law.   The department shall make recommendations to the parole board concerning whether the sex offender should be released on parole and the level of treatment and monitoring that should be imposed as a condition of parole. . . .

Colo. Rev. Stat. § 18-1.3-1006(1)(a).

According to the DOC website, Applicant was sentenced on November 8, 2002, in

Case No. 02CR793, to six years to life and became parole eligible on October 4, 2006.

*See* http://www.doc.state.co.us/oss.   The Court may take judicial notice of the contents of the

CDOC's Offender Search website.   *See Triplet v. Franklin*, No. 06-6247, 365 F. App'x 86, 92 n.8

(10th Cir. Feb. 5, 2010) (unpublished) (taking judicial notice of Oklahoma Department of Corrections' website); *see also N.M. ex rel. Richardson v. Bureau of Land Mgmt.,* 565 F.3d 683, 702 n. 22 (10th Cir. 2009) (taking judicial notice of information on "[t]he websites of two federal agencies").

Applicant agrees that his sentence is six years to life or indeterminate.   ECF No. 1 at 4.   Applicant also concedes he has been before the parole board sixteen times; but he contends that he has been denied parole each time because he has not completed SOTMP.   ECF No. 9 at 6.   Applicant further contends the denial of parole based on his inability to complete the SOTMP, which is beyond his control, violates his liberty rights.

The Court, therefore, finds that Applicant has been provided with parole reviews as may be required; but he is not entitled to parole under Colorado law because the granting of parole is discretionary.   The parole board may deny Applicant parole even if he does complete the SOTMP.   As a result, Applicant's claim is not cognizable pursuant to 28 U.S.C. § 2241 because his claim if granted would not necessarily result in a speedier release.   *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (When a prisoner's claim does not necessarily result in a speedier release, the claim does not lie at the "core of habeas corpus.") (quoting, *Preiser*, 411 U.S. at 489)).

Based on the above findings, the Application will be denied.   If Applicant wishes to assert claims challenging the administration of the SOTMP he must do so in a separate prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status is denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If

Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

　　　ORDERED that the Application is denied and the action dismissed without prejudice.   It is

　　　FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right in a federal habeas action.   It is

　　　FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

　　　DATED December 21, 2015, at Denver, Colorado.

　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　s/Lewis T. Babcock
　　　　　　　　　　　　　　LEWIS T. BABCOCK, Senior Judge
　　　　　　　　　　　　　　United States District Court